THE ROYAL BANK OF CANADA, Respondent, v. AUSTIN, NICHOLS & COMPANY, INC., Appellant.— Judgment modified by reducing the amount thereof by the sum of $841.82, and as so modified unanimously affirmed, with costs. (1) Upon the undisputed facts it appears that the Yorke Storage & Warehouse Co., Inc., was actually doing a public warehouse business, and although controlled by A. J. Coccaro & Co., which had been the owner of the goods involved here and stored with the Yorke Storage & Warehouse Co., Inc., yet it was a separate and distinct entity, and in light of the provisions of the General Business Law applicable thereto the doctrine of " piercing the corporate veil " should not be applied. It is, therefore, held that there was a transfer of possession from A. J. Coccaro & Co. to the Yorke Storage & Warehouse Co., Inc., and a change of title and possession to plaintiff, symbolized by the warehouse receipt issued by the Yorke Storage & Warehouse Co., Inc.; (2) the misdescription in the warehouse receipt, apricots being

named where peaches were intended to be named, did not destroy the validity of the warehouse receipt. That was a matter entirely between the warehouse company and the plaintiff. The real facts, as intended, were properly shown. The absence of other items from the warehouse receipt did not affect its validity; (3) the conversion of the goods did not take place until a demand was made. The proof shows that the goods were bought by the defendant from the owner, who had pledged them without knowledge thereof on the part of defendant. When it bought from the owner it came into lawful possession of the goods. That possession did not become unlawful until demand made. Present — Lazansky, P. J., Young, Seeger, Carswell and Scudder, JJ.